IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

*United States of America v. Srisuda Ali Matthews Graham*
Case No. 3:19-cr-00020-TMB-MMS-5

By: THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS: ORDER FROM CHAMBERS

This matter comes before the Court on Defendant Srisuda Ali Matthews Graham's Motion for Release of Defendant's Passport (the "Motion").[1] Matthews Graham seeks an Order requiring the United States of America (the "Government") to release her passport, which she surrendered as a condition of pretrial release.[2] Matthews Graham explains that she needs her passport to apply to renew it.[3] The Government did not file a response.

"A district court has jurisdiction to entertain motions to return property seized by the [G]overnment when there are no criminal proceedings pending against the movant. Such motions are treated as civil equitable proceedings . . . ."[4] In ruling on this type of motion, the Court "must take into account all equitable considerations."[5] When the property sought by a defendant is "no longer needed for evidentiary purposes," including because the defendant has pleaded guilty, "[t]he person from whom the property is seized is presumed to have a right to its return, and the [G]overnment has the burden of demonstrating that it has a legitimate reason to retain the property."[6]

On January 5, 2023, Matthews Graham pleaded guilty to Money Laundering Conspiracy.[7] On April 13, 2023, the Court sentenced Matthews Graham to five years of probation.[8] Therefore, Matthews Graham is presumed to have a right to the return of her passport. Furthermore, the Government has not met its burden to demonstrate a legitimate reason to retain the passport because it has not filed a response to the Motion.[9]

---

[1] Dkt. 523 (Motion).

[2] *Id.* at 1.

[3] *Id.*

[4] *United States v. Martinson*, 809 F.2d 1364, 1367 (9th Cir. 1987).

[5] *Id.*

[6] *Id.* at 1369 (citations omitted).

[7] Dkt. 488 (Minute Entry); *see also* 18 U.S.C. § 1956(h).

[8] Dkt. 46 (Minute Entry); Dkt. 48 (Judgment).

[9] *See* L. Civ. R. 7.1(h) (The failure to respond to a non-dispositive motion as required by this rule subjects the motion to summary ruling by the court and may be deemed an admission that the motion is well taken."); L. Crim. R. 1.1(b) ("The District of Alaska Local Civil Rules . . . also apply to criminal proceedings, to the extent not inconsistent with the[] [Local Criminal] [R]ules.").

Accordingly, the Court **GRANTS** the Motion at Docket 523 and **ORDERS** the Government to return Matthews Graham's passport to her on or before May 19, 2023.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: May 5, 2022.